## APPEAL OF COMSTOCK-CASTLE STOVE CO.

Docket No. 3347.    Submitted November 11, 1925.    Decided June 21, 1926.

*George W. Govert, Esq.*, and *Clyde Hunter, C. P. A.*, for the petitioner.

*A. H. Fast, Esq.*, for the Commissioner.

Before STERNHAGEN and ARUNDELL.

The Commissioner determined deficiencies in income and profits taxes for the fiscal years ended January 31, 1918, 1919, 1920 and 1921, in the amounts of $4,518.64, $5,618.34, $5,126.05, and $2,241.97, respectively,—a total of $17,505.00. The petitioner set out twenty-eight assignments of error, with respect to the four years involved, some of which were disposed of by stipulation.

### FINDINGS OF FACT.

1. The taxpayer, an Illinois corporation with its principal office at Quincy, is engaged in the manufacture and sale of stoves and ranges.

2. During the years under consideration some of its accounts were maintained on the accrual basis, and others were maintained on the basis of cash receipts and disbursements. The books do not clearly reflect the income for any of the years under consideration.

3. During the years in question the taxpayer accounted for taxes and interest at the time of actual disbursement. Obligations for taxes and interest accrued as follows:

*Fiscal year ended January 31.*

|  | 1917. | 1918. | 1919. | 1920. | 1921. |
|---|---|---|---|---|---|
| Taxes | $3,205.78 | $3,432.84 | $3,357.68 | $4,148.40 | $4,330.94 |
| Interest | 1,655.02 | 1,732.73 | 1,623.47 | 1,166.21 | 1,172.94 |
| Total | 4,860.80 | 5,165.57 | 4,981.15 | 5,314.61 | 5,503.88 |

4. During the fiscal year ended January 31, 1918, the taxpayer charged to expense $6,882.06, being items carried in an account called "Building Repairs and New Machinery." Of this amount, $4,494.61 was ordinary and necessary expense.

5. During 1919, 1920 and 1921, the taxpayer charged to expense sundry items of capital additions and betterments. These amounts were not ordinary and necessary expenses: 1919, $2,540; 1920, $2,105.39; 1921, $1,175.46.

6. During the years in question expenditures made as to automobiles, office equipment and machinery and tools were accounted for in the machinery and tools account.

7. The following is contained in the minutes of a meeting of the board of directors of February 10, 1885:

After an examination of the report of business and inventory, it was agreed to declare a dividend of eleven per cent out of surplus over capital stock, it leaving standing to the credit of profit and loss $1,945.88, after allowing $2,000 on estimated shrinkages. It was agreed to charge the account of flasks and patterns with ten thousand dollars, and place same as a permanent credit to surplus fund, and only to be used to cover any shrinkages on flasks and patterns.

The taxpayer's properties were revalued in or about 1907, new books of account were opened, and the new values were entered therein. The old books are not available.

8. From 1910 to 1917, inclusive, the taxpayer made the following capital expenditures and charged them to expense:

| | |
|---|---|
| Fiscal 1910 | $146.33 |
| " 1911 | 3,880.51 |
| " 1912 | 1,000.84 |
| " 1913 | 838.56 |
| " 1914 | 1,141.60 |
| " 1915 | 348.02 |
| " 1916 | 1,879.70 |
| " 1917 | 1,368.69 |
| Total | 10,604.25 |

9. When the books were opened in 1907 an entry was made in the patterns and flasks account showing patterns and flasks owned of $67,687.50. This amount has remained on the books ever since. No depreciation has been provided for. No additional expenditures have been added (except an item of $1.52). All subsequent expendi-

tures for patterns and flasks have been charged off as expense and deducted on income-tax returns. Such expenditures are as follows:

Fiscal 1909_____ $3, 603. 60
"    1910_____ 3, 223. 30
"    1911_____ 4, 641. 44
"    1912_____ 4, 375. 69
"    1913_____ 7, 656. 61
"    1914_____ 3, 598. 76
"    1915_____ 8, 032. 83
"    1917_____ 3, 765. 87
"    1918_____ 1, 662. 40
"    1921_____   685. 80

10. At the close of the fiscal year 1918 the taxpayer set up on its books a reserve for accrued commissions, salaries and accounts payable, in the amount of $5,460.35, to take care of certain liabilities accrued at that date. At the close of the fiscal years 1920 and 1921 additions were made to this reserve, in the amounts of $1,000 and $300, respectively, for like purposes. The amount of the reserve set up on the books in 1918, and the additions thereto in 1920 and 1921, were claimed as deductions in the income-tax returns of the three years affected. These deductions were disallowed by the Commissioner.

The commissions, salaries and accounts payable, which had actually been incurred at the close of each of the years under consideration, are as follows:

*Fiscal year ended January 31.*

|  | 1918. | 1919. | 1920. | 1921. |
|---|---|---|---|---|
| Salaries | $1, 609. 56 | _____ | $2, 075. 00 | $1, 762. 50 |
| Commissions | 580. 99 | $516. 63 | 401. 60 | 1, 503. 07 |
| Accounts payable | 13, 694. 23 | 6, 629. 02 | 10, 387. 24 | 7, 107. 56 |
| Total | 15, 884. 78 | 7, 145. 65 | 12, 863. 84 | 10, 373. 13 |

All of the above items were deducted in income-tax returns for the years in which they were actually paid, in each case the year of payment being the next succeeding year to that in which they accrued.

11. In each of the inventories at the close of the year taxpayer included automobiles, furniture and fixtures, machinery and tools, office equipment and patent and shop rights, at the values shown in the following tabulation:

*In inventory at close of fiscal year ended January 31.*

|  | 1917. | 1918. | 1919. | 1920. | 1921. |
|---|---|---|---|---|---|
| Office equipment | $270. 00 | $270. 00 | $1, 068. 00 | $243. 00 | $134. 00 |
| Machinery and tools | 1, 985. 50 | 2, 098. 50 | 2, 134. 05 | 2, 532. 91 | 4, 289. 00 |
| Patent and shop rights | 150. 00 | 400. 00 | 300. 00 | _____ | _____ |
| Automobiles | _____ | _____ | 1, 085. 00 | 681. 25 | 1, 046. 50 |
|  | 2, 405. 50 | 2, 768. 50 | 4, 587. 05 | 3, 457. 16 | 5, 469. 50 |

The Commissioner made no revision of the above items. The net income, as computed by the Commissioner, is predicated upon inventories in which the foregoing items have been included.

OPINION.

STERNHAGEN: In accordance with the foregoing findings of fact, based in part upon the stipulation of the parties as to some of the items, we are of opinion that adjustments should be made of the taxpayer's invested capital and net income for the taxable years in question.

For all the years in question the deduction for taxes and interest should be made upon the accrual basis, as set forth in our findings of fact, paragraph numbered three.

In respect of the taxable year 1918 the taxpayer should be allowed a deduction of $4,494.61 as ordinary and necessary expense, instead of the amount of $6,882.06 shown in the building repairs and new machinery account and erroneously deducted.

In 1919 the taxpayer erroneously deducted as expenses $2,540, which represented capital expenditure. The Commissioner has already disallowed $188.40, and therefore there remains a further disallowance of $2,351.60. For the year 1920 the taxpayer made a similar erroneous deduction of $2,105.39. The Commissioner, however, disallowed the amount of $2,923.89, and the taxpayer is therefore entitled to have the difference of $818.50 deducted and its net income reduced accordingly. For 1921 the taxpayer likewise erroneously deducted $1,175.46, and this amount should be restored to net income.

In accordance with the stipulation the taxpayer is entitled to deduct depreciation on automobiles computed at 25 per cent on a basis of $1,137.14 for 1918; on a basis of $1,137.14 for 1919; on a basis of $1,330.29 for 1920; and on a basis of $1,398.31 for 1921. It was also stipulated that the taxpayer may deduct depreciation at the rate of 10 per cent on office equipment and $7\frac{1}{2}$ per cent on machinery and tools. The bases for these last-mentioned depreciation rates are not in the record, either by way of stipulation or proof, and the computation must, therefore, be based upon the amounts adopted by the Commissioner.

The evidence in respect of patterns and flasks is not adequate to justify a finding as to the base or the rate. The testimony as to the useful life of the patterns and flasks owned by this taxpayer was given by two witnesses, neither of whom could testify satisfactorily in respect of the particular property in question. Furthermore, it is not established that the patterns and flasks claimed were on hand at the beginning of the period in question, and for the same reason

we are unable to find for the taxpayer in respect of the claim that any amount should be restored to surplus as invested capital in patterns and flasks.

The Commissioner excluded from invested capital an amount of $10,000, which he regarded as an arbitrary appreciation of value placed upon the books in accordance with the resolution of February 10, 1885. There is nothing to indicate the actual fact in respect of this entry or whether it represented an actual outlay. From the language of the resolution it is reasonable to infer that it represented a mere inflation of value, and since the Commissioner's determination in this respect has not been disproved we shall not disturb it.

As to the deductions taken by the taxpayer for accrued commissions, salaries and accounts payable, after considering the evidence we are of opinion that the net income for 1918 should be reduced by $15,884.78; for 1919 should be increased by $8739.13; for 1920 should be reduced by $5718.19; and for 1921 should be increased by $2490.71.

The inventory for the years in question should be adjusted so as to eliminate automobiles, office equipment, machinery and tools, patents and shop rights in the respective amounts set forth in our findings of fact. Upon the remaining issues the determination of the Commissioner is approved.

> *Order of redetermination will be entered on
> 15 days' notice, under Rule 50.*