*117 OPINION.
SteRnhagen
: In accordance with the foregoing findings of fact, based in part upon the stipulation of the parties as to some of the items, we are of opinion that adjustments should be made of the taxpayer’s invested capital and net income for the taxable years in question.
For all the years in question the deduction for taxes and interest should be made upon the accrual basis, as set forth in our findings of fact, paragraph numbered three.
In respect of the taxable year 1918 the taxpayer should be allowed • a deduction of $4,494.61 as ordinary and necessary expense, instead of the amount of $6,882.06 shown in the building repairs and new machinery account and erroneously deducted.
In 1919 the taxpayer erroneously deducted as expenses $2,540, which represented capital expenditure. The Commissioner has already disallowed $188.40, and therefore there remains a further disallowance of $2,351.60. For the year 1920 the taxpayer made a similar erroneous deduction of $2,105.39. The Commissioner, however, disallowed the amount of $2,923.89, and the taxpayer is therefore entitled to have the difference of $818.50 deducted and its net income reduced accordingly. For 1921 the taxpayer likewise erroneously deducted $1,175.46, and this amount should be restored to net income.
In accordance with the stipulation the taxpayer is entitled to deduct depreciation on automobiles'computed' at 25 per cent on a basis of $1,137.14 for 1918; on a basis of $1,137.14 for 1919; on a basis of $1,330.29 for 1920; and on a basis of $1,398.31 for 1921. It was also stipulated that the taxpayer may deduct depreciation at the rate of 10 per cent on office equipment and 7% per cent on machinery and tools. The bases for these last-mentioned depreciation rates are not in the record, either by way of stipulation or proof, and the computation must, therefore, be based upon the amounts adopted by the Commissioner.
The evidence in respect of patterns and flasks is not adequate to justify a finding as to the base or the rate. The testimony as to the useful life of the patterns and flasks owned- by this taxpayer was given by two witnesses, neither of whom could testify satisfactorily in respect of the particular property in question. Furthermore, it is not established that the patterns and flasks claimed were on hand at the beginning of the period in question, and for the same reason *118 we are unable to find for the taxpayer in respect of the claim that any amount should be restored to surplus as invested capital in patterns and flasks.
The Commissioner excluded from invested capital an amount of $10,000, which he regarded as an arbitrary appreciation of . value placed upon the books in accordance with the resolution of February 10, 1885. There is nothing to indicate the actual fact in respect of this entry or whether it represented an actual outlay. From the language of the resolution it is reasonable to infer that it represented a mere inflation of value, and since the Commissioner’s determination in this respect has not been disproved we shall not disturb it.
As to the deductions taken by the taxpayer for accrued commissions, salaries and accounts payable, after, considering the evidence we are of opinion that the net income for 1918 should be reduced by $15,884.78; for 1919 should be increased by $8739.13; for 1920 should be reduced by $5718.19; and for 1921 should be increased by $2490.71.
The inventory for the years in question should be adjusted so as to eliminate automobiles, office equipment, machinery and tools, patents and shop fights in the respective amounts set forth in our findings of fact. Upon the remaining .issues the determination of the Commissioner is approved.

Order of redetermi/nation will be entered on 15 days' notice, wnder Rule 50.